```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

MARIO ARRASTIA THOMPSON,
                Plaintiff,

                                                  09 Civ. 6318 (CM)

-against-

NISSAN NORTH AMERICA, et al.,           Copies mailed /faxed/handed to counsel on 11/23/09
                Defendants.
-------------------------------------------------------------- x

## DECISION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT

McMahon, J.:

      On June 25, 2009, plaintiff Mario Arrastia Thompson commenced this action against Nissan North America et al., alleging violations of 42 U.S.C. §§ 1981, 1983, 1997, and 2000a, violations of his right to free speech under the First Amendment of the United States Constitution, breach of implied contract, "disparate impact," "disparate treatment," "harassment," "retaliation," violations of New York State Human Rights Law § 296 and New York General Business Law §§ 349, 350, violations of the Equal Credit Opportunity Act § 202.2(l), and requesting injunctive relief, compensatory damages totaling $100 million, and punitive damages.

      The crux of Mr. Thompson's complaint is that, as a Hispanic man, he was harmed by Nissan's marketing slogans, which he alleges the company implemented as part of "a multi-dimensional scientific marketing scheme . . . based upon external race sterilization processes (via discriminatory conducts of higher than average vehicle financing) disease acquisition, discrimination, appearance analysis-racial profiling, fascism, race conversion, miscegenation, eugenics and genetic discrimination." (Compl. ¶ 22.) Mr. Thompson was harmed by Nissan's conduct, he explains, because the company made it impossible for him to purchase a car, and without a car, he was deprived of "the vehicle advantages and usages for of expectant heterosexual dating, male dowry appearances (by way of vehicle ownership) and or precipitous marriage security (thereby placing abstinence potentials and population control measures to futuristically bar procreation ideals of children by Plaintiff.)." (Id. ¶ 24 (emphasis in original).)

      The record indicates that Mr. Thompson has not served his complaint on any of the defendants. He has also failed to appear at a conference before this Court.

      Having reviewed Mr. Thompson's complaint, this Court now finds that Mr. Thompson has failed to state a claim on which relief may be granted and his action is therefore a candidate for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Supreme Court has explained that an action is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) when it contains allegations that are "fanciful," "fantastic" or "delusional." Denton v. Hernandez, 504 U.S. 25, 32 (1992). In other words, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. Mr. Thompson's complaint, insofar as he alleges that Nissan is a eugenicist corporation engaged in a scheme to eradicate Hispanics, clearly rises to this level.

Although courts in this jurisdiction generally disfavor sua sponte dismissals without giving pro se litigations an opportunity to amend, where, as here, there is "no possibility that an amended complaint would succeed in stating a valid claim," the interests of justice counsel in favor of precluding the action. See Koziel v. City Court of Yonkers, No. 07 Civ. 5119, 2009 WL 3259457, at *1 (2d Cir. Oct. 13, 2009). Accordingly, Mr. Thompson's complaint is dismissed in its entirety.

This constitutes the order and decision of this Court. The Clerk of the Court is instructed to close the case.

Dated: November 23, 2009

_____
U.S.D.J.